UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANGXIAO CHE; DENGXING CHEN; JIANGUANG CHU; WAN YUN FENG; GUOSHEN GAO; XING GAO; ZUFANG HE; BINGDONG JIANG; WANXIA JIN; JIAQI LIU; CHENDUO QI, an individual and husband of Decedent Xiuyun Chen; WENHAO QI, an individual and son of Decedent Xiuyun Chen; SHOUQI SHEN; YOUXIN SONG; BINGMEI XIE; DONG MEI XU; QIAN XU; QIN XU; ZUMIAN WANG; GUIFANG ZHOU,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC; DAIMLER TRUCKS & BUSES US HOLDING, LLC; DAIMLER AG; TRUCK CENTERS, INC.; SVO GROUP, INC.; TERRANCE MINIX; EMBASSY SPECIALTY VEHICLES, LLC.; and DOES 1 through 50,<br><br>    Defendants. | Case No. 21-cv-180-JPG |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, No. 20-2781, 2021 WL 2525577 (7th Cir. June 21, 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  *See Page*, 2021 WL 2525577 at *2 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").  The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by the plaintiffs:

1.  **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *Page v. Dem. Nat'l Comm.*, No. 20-2781, 2021 WL 2525577, at *3 (7th Cir. June 21, 2021); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The plaintiffs fail to allege the citizenships of the members of defendants Daimler Trucks North America, LLC, Daimler Trucks & Buses US Holding, LLC, and Embassy Specialty Vehicles, LLC.

2.  **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The plaintiffs allege only the residence, not the citizenship, of defendant Terrance Minix.

3.  **Inclusion of John Doe defendants.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Dem. Nat'l Comm.*, No. 20-2781, 2021 WL 2525577, at *4 (7th Cir. June 21, 2021); (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Generally, "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997). Exceptions to this general rule do not appear to apply in this case. The plaintiffs cannot establish diversity jurisdiction while there are John Doe defendants. If the plaintiffs later discover the identities of others they wish to sue, they may seek to amend their complaint in accordance with Federal Rule of Civil Procedure 15.

The Court hereby **ORDERS** that the plaintiffs shall have up to and including **July 12, 2021,** to amend the faulty pleading to correct the jurisdictional defects. *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiffs are directed to consult Local Rule 15.1 regarding <u>underlining new material</u> in

amended pleadings and need not seek leave of Court to file such amended pleading.

After the Court assures itself it has subject matter jurisdiction, it will address the personal jurisdiction and venue issues raised by the defendants in their pending motions.

**IT IS SO ORDERED.**
**DATED: June 29, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
