UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANGXIAO CHE; DENGXING CHEN; JIANGUANG CHU; WAN YUN FENG; GUOSHEN GAO; XING GAO; ZUFANG HE; BINGDONG JIANG; WANXIA JIN; JIAQI LIU; CHENDUO QI, an individual and husband of Decedent Xiuyun Chen; WENHAO QI, an individual and son of Decedent Xiuyun Chen; SHOUQI SHEN; YOUXIN SONG; BINGMEI XIE; DONG MEI XU; QIAN XU; QIN XU; ZUMIAN WANG; and GUIFANG ZHOU,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC; DAIMLER TRUCKS & BUSES US HOLDING, LLC; DAIMLER AG; TRUCK CENTERS, INC.; SVO GROUP, INC.; TERRANCE MINIX; and EMBASSY SPECIALTY VEHICLES, LLC,<br><br>    Defendants. | Case No. 21-cv-180-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motions to dismiss and/or change venue filed by defendants Daimler Trucks North America, LLC ("DTNA") (Doc. 28), Daimler Trucks & Buses US Holding, LLC ("DTB") (Doc. 31), Truck Centers, Inc. (Doc. 48), and SVO Group, Inc., Embassy Specialty Vehicles, LLC, and Terrance Minix (collectively, the "SVO defendants") (Doc. 56). The plaintiffs have responded (Docs. 46, 58, & 59), and some of the defendants have replied to those responses (Docs. 50, 51, & 60).

The Court addresses the venue question first and then, if necessary, the personal jurisdiction question. The Court understands that this is not the usual order in which the issues are decided:

> The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is

> primarily a matter of choosing a convenient forum. On the other hand, neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties. Accordingly, when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue.

*Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (internal citations omitted).

In this case, such a prudential justification exists. The claims in this case appear to have only the most tangential relationship to Illinois, most of the defendants object to this Court's personal jurisdiction, most are at least arguably subject to the personal jurisdiction of the United States District Court for the Northern District of Indiana, and a transfer of venue to the Northern District of Indiana would vastly reframe the personal jurisdiction questions. The plaintiffs, who bear the burden of establishing proper venue, *Playboy Enters. Int'l, Inc. v. Smartitan (Singapore) PTE Ltd.*, 804 F. Supp. 2d 730, 737 (N.D. Ill. 2011), assert as the sole basis for venue that a substantial part of the events giving rise to the claim occurred in Illinois, a dubious proposition, as explained below. Where venue appears likely to be improper, it would be a waste of judicial resources to address issues that would become moot—or at least less contentious—should venue be transferred. *See, e.g., Great W. United*, 443 U.S. at 181 ("We find it appropriate to pretermit the constitutional issue in this case because it is so clear that venue was improper. . . ."). Therefore, the Court addresses the issue of venue first.

**I.   Venue**

   A.   Standards

Motions for transfer of venue or dismissal for improper venue are governed by the

2

standards set forth in 28 U.S.C. §§ 1404[1] and 1406[2]. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 905 & n. 4 (7th Cir. 1999). To determine which of these statutes governs a particular situation, the Court must determine whether venue is proper under 28 U.S.C. § 1391. Section 1404 governs transfer when venue is proper; § 1406 governs transfer or dismissal when venue is improper. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013); *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964).

Federal Rule of Civil Procedure 12(b)(3) provides a procedural mechanism for seeking dismissal of a case for improper venue. Under that rule, the Court assumes the plaintiff's allegations in the complaint are true unless they are contradicted by the defendant's affidavits. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2004)). So the Court may look beyond the allegations in the complaint to consider the evidence. *Id.* at 810-11; *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 810 (7th Cir. 2011). But if there is a genuine dispute as to the facts, the Court must accept the plaintiff's facts as true. *Motorola Solutions, Inc. v. Hytera Commc'ns Corp. Ltd.*, 402 F. Supp. 3d 450, 454 (N.D. Ill. 2019). As noted above, the plaintiff has the burden of establishing that venue is proper. *Id.*; *Playboy Enters. Int'l, Inc. v. Smartitan*

---

[1]Section 1404(a) reads in pertinent part:
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

[2]Section 1406(a) reads in pertinent part:
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3

*(Singapore) PTE Ltd.*, 804 F. Supp. 2d 730, 737 (N.D. Ill. 2011).

The general venue statute, 28 U.S.C. § 1391, provides that a civil action in federal court may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

B.   Facts

The plaintiffs assert in their complaint that venue is proper in the Southern District of Illinois because "a substantial part of the events, acts, and omissions giving rise to [their] claims occurred in the District."   Am. Compl. ¶ 11 (Doc. 62).   They also allege the following relevant facts:

Eighteen of the twenty plaintiffs suffered personal injury from an accident involving a tour bus on September 20, 2019, in Utah; the other two plaintiffs are surviving family members of a passenger who died in the accident.   The tour bus was transporting a group of citizens of the People's Republic of China on an expedition to tour various National Parks in the western United States.   The tour departed from California.   Several days into the journey, while the bus was passing through Utah, the right wheels of the bus left the pavement, and the driver attempted in to bring the bus back on course.   That attempt led the bus to spin counterclockwise on the roadway, and then to roll onto the driver's side and slide roof-first along the roadway.   The bus

4

hit the guardrail roof-first, causing the bus to roll three-fourths of a full turn and come to rest back on its wheels. The roof was crushed, and thirteen passengers were fully or partially ejected. Four passengers died, fifteen were seriously injured, and twelve suffered minor injuries.

The plaintiffs fault the design of the tour bus for the accident and, ultimately, their injuries. Accordingly, they have sued parties connected to the bus under theories of strict products liability, negligence, and breach of the implied warranty of merchantability. Each of the defendants is involved, to a greater or lesser extent, in the design, manufacture, and/or sale of the bus in various physical locations. The bus actually had two main components: the Freightliner M2 106 front-engine cab/chassis and the "Embassy" cutaway bus compartment.

DTNA, a Delaware limited liability company headquartered in Oregon, designed the Freightliner M2 106 chassis without a stability control system, a lane departure warning system, or other safety systems standard on the vehicle, although they offered them as options. It then manufactured the cab/chassis at issue in this case without those safety options and sold it to a truck dealership—Truck Centers, an Illinois corporation headquartered in Illinois. Pursuant to the sales agreement, DTNA delivered the chassis not to Truck Centers in Illinois but directly to Truck Centers' customer in Indiana—SVO Group, an Indiana corporation headquartered in Indiana before it was dissolved. SVO Group had not requested the safety options on the chassis it purchased from Truck Centers. The plaintiffs claim the safety options would have prevented, or at least mitigated, the plaintiffs' injuries in this case.

When it received the cab/chassis from DTNA in Indiana, SVO Group installed the "Embassy" bus body on the chassis. The body of the bus seated 36 passengers and contained a

5

large full-height storage compartment in the back, behind the rear axles. Most similar tour busses at that time stored passengers' luggage across the bottom of the bus underneath the passenger compartment rather than in the rear. SVO Group made the roof from fiberglass, a lighter building material that many other bus manufactures used. The plaintiffs claim SVO Group's use of this lighter roof material and the larger luggage compartment behind the rear axles reduced the bus's handling, stability, and crashworthiness, which contributed to the accident and their injuries. They also claim the passenger compartment of the bus lacked structural integrity in other ways.

The plaintiffs allege the other defendants are related to the dispute in the following ways. DTB, a Delaware limited liability company headquartered in Oregon, is the sole member of DTNA, and Daimler AG, a German corporation headquartered in Germany, is the sole member of DTB. Shortly after the accident, Embassy Specialty Vehicles LLC was created as an Indiana limited liability company, acquired SVO Group's assets, and began conducting business under the SVO name. SVO Group then dissolved in April 2020. Minix, an Indiana citizen, was the owner of SVO Group, and is one of two members of Embassy Specialty Vehicles.

In connection with their motions, the defendants have presented additional evidence relevant to the proper venue for this action. Specifically, the evidence provides more details regarding the transactions between DTNA, Truck Centers, and SVO Group. Affidavits from Truck Centers (Docs. 48-1 & 48-2) show that the cab/chassis in question was part of a group of vehicles Truck Centers ordered from DTNA for SVO Group in June 2016. DTNA manufactured the vehicle and hired an independent transport company to transport the group of vehicles to Truck Centers' facility in Elkhart, Indiana. After delivery, Truck Centers personnel

6

repaired minor cosmetic damage and then delivered the vehicles to SVO Group, also in Elkhart, Indiana. That was the last involvement of Truck Centers with the cab/chassis involved in this case or the tour bus it would ultimately become.

The SVO defendants have provided their own affidavits (Doc. 57). They point out that DTNA designed the cab/chassis in Oregon and manufactured it in Mexico before shipping it to a DTNA facility in Texas. To initiate the purchase of the DTNA cab/chassis from Truck Centers, SVO Group contacted David Klockow, its regular sales contact person at the Elkhart, Indiana, Truck Centers dealership. Klockow arranged the sale from Indiana. After DTNA arranged for delivery to Truck Centers in Indiana, Klockow personally delivered the vehicle to SVO Group just a few miles away. And although the bill of sale to SVO Group indicated payment was to be sent to Truck Centers at its Illinois headquarters, SVO Group actually paid Klockow and Klockow gave the title document at the time he delivered the vehicle to SVO Group in Elkhart, Indiana. SVO Group then added the "Embassy" bus compartment and sold the vehicle to Coachwest Luxury & Professional Motorcars, a dealership in California. Coachwest arranged for the completed tour bus to be picked up from SVO Group in Elkhart, Indiana, and delivered to Coachwest's facility in California. It appears that thereafter the bus remained under California ownership.

In response to the defendants' motions, the plaintiffs continue to argue about the legal significance of the facts, but they do not allege any facts or present evidence to create any material factual dispute by contradicting any of the evidence presented by the defendants.

C. <u>Analysis</u>

Even taking the plaintiffs' allegations as true and construing the evidence in their

7

favor, venue is not proper in the Southern District of Illinois because "a substantial part of the events or omissions giving rise to the claim" did not occur in this district as required by 28 U.S.C. § 1391(b)(2), the only basis for venue invoked by the plaintiffs.

The sole—and very slim—connection that this dispute has with Illinois is that Truck Centers, the dealership whose Elkhart, Indiana, branch office served as the middleman in the sale of the cab/chassis, is a citizen of Illinois due to its incorporation and headquarters. One could not reasonably describe that attenuated connection as constituting "a substantial part of the events or omissions giving rise to the claim." Indeed, the actual acts manifesting the sale of the cab/chassis occurred in Indiana: SVO Group approached Klockow in Indiana; it ordered the cab/chassis from him in Indiana; DTNA delivered it to Indiana; and Klockow delivered it to SVO Group in Indiana. Thereafter, the bus was completed in Indiana. It is true the paperwork for the transaction might have run through Truck Centers' headquarters in Illinois, but it was delivered and paid for, and title was given in Indiana. In truth, the substantial events of the cab/chassis transaction occurred in the four-mile stretch in Elkhart, Indiana, between the Truck Centers and SVO Group facilities. Nothing substantial happened in Illinois. For this reason, the Court finds venue in the Southern District of Illinois is improper under 28 U.S.C. § 1391(b)(2), and this case cannot be maintained here.

The question then becomes what to do with the case. Rule 12(b)(3) permits dismissal for improper venue, as does 28 U.S.C. § 1406(a). But § 1406(a) also permits the Court, in the interest of justice, to transfer a case in the wrong district to another district where it could have been brought. Generally, courts prefer transferring a case to

a jurisdiction where venue is proper as opposed to dismissing it. Transfer avoids the "time-consuming and justice-defeating technicalities" required to refile a case in a proper venue. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (internal quotations omitted).

The Court believes justice requires that this case not be dismissed outright but instead be transferred to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1406(a).[1] Clearly there are multiple districts where this case could have been brought other than Illinois. Only Truck Centers expressly suggests a transfer to the Northern District of Indiana, where venue would be undeniably proper because a substantial part of the events giving rise to this case occurred there. None of the other defendants expressly object to that request except to the extent that they request dismissal instead. It further appears, based on their Elkhart dealership's involvement in this case, that Truck Centers would be subject to personal jurisdiction there. There is also no serious question that the SVO defendants would be subject to personal

---

1 To the extent one can argue that "a substantial part of the events or omissions" that gave rise to the *specific* claim against Truck Centers occurred in Illinois, the Court would transfer that claim pursuant to 28 U.S.C. § 1404(a) along with the rest of this case. Under that statute a district court has discretion to transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Considering nothing important happened in Illinois, none of the important witnesses are likely to be here. To the extent there may be documentation in Truck Centers' Illinois headquarters, those documents are likely to be easily transmissible electronically, so that poses no great inconvenience. Additionally, Truck Centers *asked* for the transfer. Additionally, an Indiana forum is clearly likely to be more convenient for the Indiana defendants and equally as inconvenient to the plaintiffs, DTNA, DNB, and Daimler AG. The Court gives the plaintiff's choice of forum little weight since they appear to have no connection to Illinois. Finally, the interests of justice weigh in favor of trying this entire case in one forum to appropriately allocate relative fault in front of a court familiar with the tort law that will apply to at least some of the claims in this case.

9

jurisdiction in Indiana because they are all Indiana citizens. As for DTNA and DTB, the question is less clear, but that decision is better left to the court in that district to sort out after considering those defendants' connections with the state of Indiana, an issue not before this Court.

## II.     Personal Jurisdiction

In light of this ruling, the Court will deny as moot DTNA's, DTB's, and the SVO defendants' requests for dismissal for lack of personal jurisdiction (Doc. 28, 31, & 56). A party who believes it is not subject to the personal jurisdiction of the United States District Court for the Northern District of Indiana may file a new motion to dismiss in that forum.

## III.    Conclusion

For the foregoing reasons, the Court:

- **DENIES as moot** DTNA's, DTB's, and the SVO defendants' motions to dismiss for lack of personal jurisdiction and/or for improper venue (Docs. 28, 31, & 56);

- **GRANTS in part** and **DENIES in part** Truck Centers' motion to transfer venue or to dismiss (Doc. 48);
    - The motion is **GRANTED** to the extent it requests the Court transfer this case to the United States District Court for the Northern District of Indiana (Doc. 48); and
    - The motion is **DENIED without prejudice** to the extent it seeks dismissal on the merits; and

- **TRANSFERS** this case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of Indiana to be addressed by the division encompassing Elkhart, Indiana.

**IT IS SO ORDERED.**
**DATED: July 23, 2021**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**