**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

|  |  |
|---|---|
| HANGXIAO CHE, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 3:21-cv-00554-HAB-MGG |
| DAIMLER TRUCKS NORTH AMERICA, LLC, et al., | |
| Defendants. | |

**BRIEF IN SUPPORT OF
JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Daimler Truck North America LLC ("DTNA") and Daimler Trucks & Buses

US Holding LLC ("DTB") respectfully request this Court grant their Joint Motion for Judgment

on the Pleadings because Plaintiffs' own allegations establish, as a matter of law, that DTNA and

DTB owed no duty to include the alleged safety features underlying Plaintiffs' product liability

case.  In support of this Motion, DTNA and DTB state as follows:

**BACKGROUND**

This product liability case arises out of a September 20, 2019, tour bus accident in which

Plaintiffs were allegedly injured while passengers on the bus (the "Accident").  Second Amended

Complaint ("SAC"), ¶¶ 2, 7, 14-33.[1]  The product that is the subject of Plaintiffs' case against

DTNA and DTB is a Freightliner M2 106 chassis and cab ("Freightliner chassis").  *Id.* at ¶ 64.

Plaintiffs allege DTNA manufactured the Freightliner chassis and sold it for delivery to Defendant

SVO Group, Inc. ("SVO") in Elkhart, Indiana.  *Id.* at ¶¶ 53-54.  Plaintiffs allege that SVO

---

[1]  The exception is Plaintiff Wenhao Qi, who is purportedly the son of a passenger, but was not a passenger himself. *Id.* at ¶ 25.

manufactured and installed a bus body on the Freightliner chassis to create the subject tour bus involved in the Accident. *Id.* at ¶ 69.

As pleaded and pictured in Plaintiffs' Second Amended Complaint, the Freightliner chassis, by itself, was an "incomplete vehicle" incapable of being used as a tour bus:



*Id.* at ¶¶ 47-49. According to Plaintiffs, SVO customized and mounted a bus body on the frame rails of the Freightliner chassis and then integrated the bus body with the cab section "to build a complete vehicle" like the one shown below:



2

*Id.* at ¶ 50 (quotations omitted).

The crux of Plaintiffs' theory of liability against DTNA and DTB, as well as the other Defendants, is found in Paragraphs 64 and 65 of Plaintiffs' Second Amended Complaint:

64.     Nevertheless, in 2016 when the Daimler Defendants sold the subject Freightliner M2 106 chassis and cab, it continued to only offer "Vehicle Stability Advisor and Control," "Lane Departure Warning Systems," "Obstacle Detection System," and Camera/Video/Imaging System" as for-profit options and, in fact, did not equip the Subject Vehicle with these crucial safety systems, notwithstanding that it had actual knowledge that its cutaway cab and chassis was being purchased by Defendant SVO Group, Inc.—a company specializing in the Second Stage manufacturing of cutaway buses.

```
456   736-998   NO OBSTACLE DETECTION SYSTEM
457   73H-998   NO CAMERA/VIDEO/IMAGING SYSTEM
458   49B-998   NO VEHICLE STABILITY ADVISOR OR CONTROL
459   73B-998   NO LANE DEPARTURE WARNING SYSTEM
```

65.     Equally culpable with the Daimler Defendants for making critical safety-related enhanced stability controls and warning systems a for-profit option on the Subject Vehicle, are Defendants SVU Group, Minix, and Embassy Specialty Vehicles for failing to order these critical safety systems on a vehicle being designed specifically for transporting large passenger groups.

*Id.* at ¶¶ 64-65.  Plaintiffs similarly allege SVO "failed to order critical safety-related systems, including enhanced stability control systems, lane departure warning systems, and obstacle detection systems." *Id.* at ¶ 75.  Plaintiffs assert four counts against all Defendants: (1) strict product liability; (2) negligence; (3) breach of implied warranty; and (4) wrongful death. *Id.* at ¶¶ 94-126.

Plaintiffs filed this action in the United States District Court for the Southern District of Illinois, but that Court ruled venue to be improper there and thus transferred the action to this Court, observing:

3

> To initiate the purchase of the DTNA cab/chassis from Truck Centers, SVO Group contacted David Klockow, its regular sales contact person at the Elkhart, Indiana, Truck Centers dealership. Klockow arranged the sale from Indiana. After DTNA arranged for delivery to Truck Centers in Indiana, Klockow personally delivered the vehicle to SVO Group just a few miles away. . . .
>
> Indeed, the actual acts manifesting the sale of the cab/chassis occurred in Indiana: SVO Group approached Klockow in Indiana; it ordered the cab/chassis from him in Indiana; DTNA delivered it to Indiana; and Klockow delivered it to SVO Group in Indiana. Thereafter, the bus was completed in Indiana. It is true the paperwork for the transaction might have run through Truck Centers' headquarters in Illinois, but it was delivered and paid for, and title was given in Indiana. In truth, the substantial events of the cab/chassis transaction occurred in the four-mile stretch in Elkhart, Indiana, between the Truck Centers and SVO Group facilities

.

Doc. 64, p. 7-8. Following transfer, Plaintiffs filed their operative pleading, the Second Amended Complaint, on May 30, 2023, which was the "last date to amend the pleadings without leave of court as to plaintiffs." SAC, ¶ 1 (quotations omitted); Doc. 119, p. 2.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Bissonnette v. Podlaski*, No. 1:15-CV-00334, 2017 WL 3593820, at *1 (N.D. Ind. Aug. 21, 2017). "This motion, of course, deals only with questions of law arising on the pleadings, and in considering it, all facts alleged by the plaintiff must be taken to be true, the question being whether upon those facts the plaintiff has stated a cause of action." *Friedman v. Washburn Co.*, 145 F.2d 715, 717 (7th Cir. 1944).

A court does "not ignore facts set forth in the complaint that undermine the plaintiff's claim." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). To the contrary, "a plaintiff can plead herself out of court by alleging facts that show she is not entitled to a judgment." *Benders v. Bellows & Bellows*, 515 F.3d 757, 767 (7th Cir. 2008). "When a

plaintiff pleads herself out of court by making allegations sufficient to defeat the suit," judgment on the pleadings "under Rule 12 is appropriate." *Hill v. Bayside Woods, HOA, Inc.*, No. 1:16-CV-00916, 2016 WL 5792684, at \*1 (S.D. Ind. Oct. 4, 2016) (quotations/brackets omitted).

## ARGUMENT

The Indiana Product Liability Act ("IPLA")[2] subsumes all tort-based product claims because the "IPLA governs all actions that are (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." *Atkinson v. P & G-Clairol, Inc.*, 813 F. Supp. 2d 1021, 1023-24 (N.D. Ind. 2011) (quotations omitted). All four of Plaintiffs' counts, including breach of implied warranty, are considered tort-based product claims governed by the IPLA. *See id.* at 1024-25. As such, Plaintiffs' four counts—each premised on the same root allegation that DTNA and DTB did not equip the Freightliner chassis with the alleged safety features, *see* SAC, ¶ 64—merge into a single product liability claim under the IPLA. *See Atkinson*, 813 F. Supp. 2d at 1024, 1027; *see also Bledsoe v. Medtronic, Inc.*, No. 2:18-CV-133, 2020 WL 43107, at \*3 (N.D. Ind. Jan. 3, 2020); *Cavender v. Medtronic, Inc.*, No. 3:16-CV-232, 2017 WL 1365354, at \*4 (N.D. Ind. Apr. 14, 2017).

Plaintiffs' merged product liability claim, based on lack of alleged safety features, is treated as a design-defect claim. *Brewer v. PACCAR, Inc.*, 124 N.E.3d 616, 621 (Ind. 2019). A negligence standard governs such a claim. *Id.*; *see also Simpson v. Gen. Dynamics Ordnance & Tactical Sys.-Simunition Operations, Inc.*, 429 F. Supp. 3d 566, 577 (N.D. Ind. 2019) ("In product liability claims alleging a product design defect, the IPLA substitutes a negligence standard for strict liability and prescribes the applicable standard of care.") (quotations/brackets omitted). That

---

[2] "A federal court sitting in diversity applies the substantive law of the forum state." *Pack v. Middlebury Cmty. Schs.*, 458 F. Supp. 3d 1020, 1025 (N.D. Ind. 2020).

means Plaintiffs must show: (1) DTNA and DTB owed a duty to Plaintiffs; (2) DTNA and DTB breached that duty; and (3) such breach proximately caused Plaintiffs' alleged injuries. *Brewer*, 124 N.E.3d at 621. At issue in this Motion is the first requirement—the existence of a duty.

"[U]nder the IPLA, a component-part manufacturer has no duty to include optional safety features that were offered to, and rejected by, the final manufacturer." *Id.* at 625.[3] "When safety features are offered, the final manufacturer is in the best position to decide which features are necessary—and which are not—for the environment in which the integrated product will be used." *Id.* Evidence establishing such a situation includes "a purchase order or invoice identifying specific safety features that were offered and rejected." *Id.*

In sum, a defendant owes no duty to include a particular safety feature with its product if three elements are met: (1) the defendant's product is a component part; (2) the defendant offers the safety feature; and (3) the final manufacturer declines the safety feature. *Id.* According to Plaintiffs' own allegations, all three elements are met here.

For the first element, Plaintiffs identify the Freightliner chassis manufactured by DTNA[4] as an "incomplete vehicle" that SVO combined with a bus body to create the "complete vehicle" of a tour bus. SAC, ¶¶ 47-50, 69. The Freightliner chassis was, therefore, a component part. *See*

---

[3] *See also Austin v. Clark Equip. Co.*, 48 F.3d 833, 837 (4th Cir. 1995) (explaining "when a customer exercises an option to purchase a product without a safety feature, it is axiomatic that the manufacturer should not be held liable for damages which that safety feature may have prevented") (quotations/brackets omitted); *Scallan v. Duriron Co., Inc.*, 11 F.3d 1249, 1254 (5th Cir. 1994) ("To hold Duriron liable for the absence of a safety device declined by the purchaser casts the manufacturer in the role of insurer answerable to injured parties in any event, because the purchaser of the equipment for his own reasons, economic or otherwise, elects not to purchase available options to ensure safety.") (quotations/brackets/ellipsis omitted); *Anderson v. P.A. Radocy & Sons, Inc.*, 865 F. Supp. 522, 531 (N.D. Ind. 1994) (ruling "a party cannot be liable for failing to equip its products with an optional device that . . . [was] knowingly rejected").

[4] Plaintiffs allege the Freightliner chassis "was designed, manufactured, researched, tested, assembled, installed, marketed, advertised, distributed, and sold by Defendant Daimler Trucks of North America, LLC." SAC, ¶ 53. Plaintiffs do not specifically attribute any such conduct to DTB, but instead appear to be imputing DTNA's alleged conduct to DTB merely on the basis that DTB is the sole member of DTNA. *See id.* at ¶¶ 34, 64. DTB disputes that DTNA's alleged conduct is imputable to DTB, but this dispute is immaterial for purposes of this Motion; even if DTNA's alleged conduct were imputable to DTB as Plaintiffs suggest, DTB cannot be liable for the reasons discussed herein. *See Friedman*, 145 F.2d at 717.

6

*Brewer*, 124 N.E.3d at 619 (glider kit, which was combined with engine, transmission, and exhaust system to create a semi-truck, was a component part). For the second and third elements, Plaintiffs specifically allege that DTNA and DTB offered to include the alleged safety features on the Freightliner chassis, but SVO, the final manufacturer of the tour bus, declined them. SAC, ¶¶ 64-65, 75. Plaintiffs even provide an invoice excerpt showing as much:

```
456   736-998   NO OBSTACLE DETECTION SYSTEM
457   73H-998   NO CAMERA/VIDEO/IMAGING SYSTEM
458   49B-998   NO VEHICLE STABILITY ADVISOR OR CONTROL
459   73B-998   NO LANE DEPARTURE WARNING SYSTEM
```

*Id.* at ¶ 64. In other words, Plaintiffs' own pleading includes the exact evidence the Indiana Supreme Court identified as sufficient to prove the defendant owes no duty in this situation, *i.e.*, "a purchase order or invoice identifying specific safety features that were offered and rejected." *Brewer*, 124 N.E.3d at 625.

Because all three elements are met, DTNA and DTB owed no duty to equip the Freightliner chassis with the alleged safety features and cannot be liable for any failure to do so. *Id.* SVO, as the final manufacturer of the tour bus, was "in the best position to decide which features are necessary—and which are not—for the environment in which the [Freightliner chassis would] be used." *Id.* Accordingly, with respect to DTNA and DTB, Plaintiffs' merged product liability claim fails on Plaintiffs' own allegations, entitling DTNA and DTB to judgment on the pleadings. *See Benders*, 515 F.3d at 767.

## CONCLUSION

For the foregoing reasons, DTNA and DTB respectfully request the Court grant their Joint Motion for Judgment on the Pleadings and enter judgment in DTNA and DTB's favor on Plaintiffs' Second Amended Complaint.

Dated: October 2, 2023

Respectfully submitted,

*/s/ Michael J. Kleffner*
SHOOK, HARDY & BACON L.L.P.
Robert T. Adams (*admitted pro hac vice*)
Michael J. Kleffner (*admitted pro hac vice*)
Jennifer J. Artman (*admitted pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816-474-6550
Facsimile:   816-421-5547
rtadams@shb.com
mkleffner@shb.com
jartman@shb.com

and

*/s/ Carolyn E. Riggs*
Carolyn E. Riggs, Atty. No. 35140-49
Christina Fugate, Atty. No. 27218-49
Libby Moyer, Atty. No. 36910-71
Hannah Oates, Atty. No. 36919-22
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
317-236-2100 (telephone)
317-236-2219 (facsimile)
carolyn.riggs@icemiller.com
christina.fugate@icemiller.com
libby.moyer@icemiller.com
hannah.oates@icemiller.com

Attorneys for Defendants
Daimler Truck North America LLC and
Daimler Trucks & Buses US Holding LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Michael J. Kleffner
Michael J. Kleffner (*admitted pro hac vice*)